Signed: June 22, 2010



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LEO RAYMOND STEGMAN III,

    Debtor.
_____/

No. 09-71251 TG
Chapter 13

**MEMORANDUM OF DECISION RE MOTION FOR STAY PENDING APPEAL**

The debtor has filed a motion for a stay pending the appeal from the Court's orders, granting relief from the automatic stay to secured creditor The Bank of New York Mellon (the "Bank"), dismissing his chapter 13 case, and denying reconsideration of these orders. For the reasons stated below, the motion will be denied.

**BACKGROUND**

The debtor filed his first chapter 13 bankruptcy petition on September 28, 2009. In his bankruptcy schedules, the debtor listed three parcels of real property, including real property located on Shattuck Avenue in Oakland, California (the "Shattuck Property"). The chapter 13 trustee moved to dismiss the case due to the debtor's failure to file a certificate evidencing the receipt of pre-petition counseling, among other things. The case was dismissed on November

16, 2009. On November 20, 2009, the debtor filed a motion to vacate the dismissal order, noting that there was a foreclosure sale scheduled on November 25, 2009 with respect to the Shattuck Property. The Court denied the motion, primarily because, by that time, the debtor had filed a certificate evidencing the receipt of credit counseling post-petition, more than 30 days after the petition date.

The debtor filed his second chapter 13 petition on November 24, 2009. He filed his first chapter 13 plan in this case (the "First Plan") on December 1, 2009. The First Plan proposed to pay the chapter 13 trustee $100 per month for 60 months and listed no secured creditors. On February 5, 2010, the debtor filed his second chapter 13 plan (the "Second Plan"). The Second Plan proposed to pay to the chapter 13 trustee $669.50 for 60 months. Again, it failed to list any secured creditors. In addition, the proposed payments to the trustee exceeded the debtor's scheduled disposable income of $117 per month. On February 11, 2010, the debtor filed his third chapter 13 plan (the "Third Plan"). The Third Plan proposed to pay to the chapter 13 trustee $1,800 per month for 60 months. The Third Plan listed three secured creditors and estimated the arrearages due to each. The increased proposed payment exacerbated the feasibility problem, there having been no amendment to Schedules I and J.

After the meeting of creditors was conducted and concluded, the chapter 13 trustee noticed the Third Plan for a contested confirmation hearing on April 16, 2010. On April 15, 2010, the Bank filed a motion for relief from the automatic stay, scheduling a preliminary hearing on the motion for April 30, 2010. The motion

2

sought relief from the automatic stay to foreclose its security interest on the Shattuck Property. The motion based its request for relief on the debtor's failure to make post-petition payments to the Bank. It also based its request on the fact that the debtor was not its original borrower and that its original borrower, Joseph Williams ("Williams"), had transferred the Shattuck Property to the debtor without the secured creditor's consent, while the Shattuck Property was in foreclosure. The Shattuck Property was transferred to the debtor on October 9, 2009, shortly after the debtor filed his first chapter 13 petition.

At the confirmation hearing on April 16, 2009, the chapter 13 trustee informed the Court that the debtor had failed to serve the Third Plan on creditors, had only made one partial plan payment, and was delinquent in plan payments in the total amount of $6,500. She also informed the Court that Alameda County had filed a claim for over $37,000 in domestic support arrearages. Finally, she informed the debtor and the Court that the plan payments would have to be increased substantially in order for the Plan to fund. The debtor was given a deadline for filing and serving an amended plan that accounted for these deficiencies. The confirmation hearing was continued to May 14, 2010. The Bank's preliminary hearing on its motion for relief was later continued to the same date. The Court warned the debtor that the case would be dismissed unless he corrected the deficiencies noted by the trustee.

On April 21, 2010, the debtor filed his fourth plan (the "Fourth Plan"), providing for increased payments, although less than the

3

amount recited by the trustee.  The Fourth Plan listed secured creditors but failed to identify the arrearages due to them.  The Bank filed an objection to confirmation of the Fourth Plan.  It contended that the debtor had filed the case in bad faith.  It noted that, not only had the debtor received an unauthorized transfer of the Shattuck Property on October 9, 2009, he had received an unauthorized transfer of another property on September 28, 2009, the day his first bankruptcy petition was filed.  In addition, the Bank noted that the Fourth Plan continued to provide insufficient payments to fund and, in any event, based on the debtor's reported disposable income, was not feasible.  In addition, the debtor had failed to make the required post-petition payments to the Bank on the Shattuck Property.

At the hearing, counsel for the Bank informed the Court that Williams, its original borrower, had also filed a bankruptcy petition and had scheduled the Shattuck Property as his property.  The Court asked the debtor to explain his relationship to the Shattuck Property and to Williams.  The debtor explained that the Shattuck Property was a four-plex and that he lived in one of the units.  He stated that he had been managing all three of Williams' properties, that Williams had been unable to make the payments on the mortgages, and that Williams had consequently transferred the properties to him.  The debtor stated that he intended to make the monthly payments and ultimately to sell the properties.  The debtor did not explain whether he had paid Williams any of his own money for the transfers

4

nor did he explain who he thought would be entitled to receive the proceeds from any sales of the properties.

Based on the foregoing undisputed facts, the Court concluded, while the debtor may have believed he was behaving in good faith as a subjective matter, objectively speaking, his conduct was in bad faith. In addition, it appeared clear that the debtor would be unable to propose a feasible chapter 13 plan since he had no income other than the rents on the various properties. Consequently, the Court concluded that the Bank's motion for relief from the automatic stay should be granted, with in rem relief provided as to the Shattuck Property, and that the case should be dismissed. For the same reason, the Court concludes that the debtor's motion for a stay of these orders should be denied.

Based on the foregoing, it is

SO ORDERED.

END OF DOCUMENT

```
 1                           COURT SERVICE LIST
 2   Leo Raymond Stegman III
 3   5614 Shattuck Ave. #A
     Oakland, CA 94609
 4
     Les Zieve
 5   Law Offices of Les Zieve
     18377 Beach Boulevard, Ste. 210
 6   Huntington Beach, CA 92648
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                                                                6
```